## CIRCUIT COURT OF HENRICO COUNTY

Joseph J. West

v.

F. W. Chandler

March 1, 1976

Case No. A-766

By JUDGE E. BALLARD BAKER

Counsel have agreed that the Motion for Summary Judgment filed by the defendant can be decided by this Court upon the Amended Motion for Judgment, the Grounds of Defense and the affidavit of Joseph J. West, the plaintiff.

The plaintiff's action is for malicious prosecution arising out of a motor vehicle accident of October 11, 1974. The defendant, a traffic officer, charged the plaintiff with failing to yield the right of way. In the General District Court the plaintiff was found guilty. On appeal to the Circuit Court, the plaintiff was found not guilty.

In *Ricketts* v. *McCrory*, 138 Va. 548 (1924), the Supreme Court stated:

> It is settled law in this State that conviction by a trial justice, though reversed on appeal, is conclusive evidence of probable cause, unless such conviction was procured by the defendant through fraud or by means of evidence which he knew to be false . . . (138 Va. 554)

In 86 A.L.R.2d 1094, it is pointed out that this is the majority view and at pages 1117-1118, Virginia is said to clearly follow the majority view.

The only issue on the Motion for Summary Judgment is whether the plaintiff charges that the District Court conviction "was procured by the defendant through fraud or by means of evidence which he knew to be false."

The Amended Motion alleges malice towards the plaintiff at the investigation of the accident, but merely says that in the General District Court the "plaintiff was found guilty as a result of the defendant's testimony and the testimony of a convicted person that was subpoenaed with him . . ." While there is a general allegation of maliciousness towards the plaintiff and lack of probable cause, I do not think the amended Motion is sufficient. However, the Affidavit of Mr. West must be considered.

The Affidavit says very little about what went on in the General District Court. From the Affidavit, it appears that the plaintiff, the defendant and James H. Key, referred to as a convicted felon, testified. It is further said that:

> There was a conflict of evidence at the trial between the officer's testimony and that of his witness, Key. The Judge concluded that it didn't make any difference who hit whom and that there was no reason for Key to have lied in Court. At the trial in the lower court, Officer Chandler said I pulled out in front of the car and she hit me and his witness, Key, testified that I hit her.

It is fair for the purposes of this Motion to assume that the plaintiff was present in the District Court and had an opportunity to state his position.

I do not find that the reference in the affidavit to the General District Court hearing alleges fraud or the obtaining of a conviction based on evidence known to be false. It appears to present a typical case in which there is a conflict in evidence regarding how an accident occurred.

Based upon my understanding of the agreement of counsel that the Motion for Summary Judgment could be

determined on the pleadings and the affidavit, I would sustain the Motion for Summary Judgment.

The Motion for Judgment is dismissed, as is the counterclaim as of March 1, 1976. The defendant's request for costs and attorney's fees is denied.